**Opinion filed May 19, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00271-CV

_____

## IN THE INTEREST OF R.B.W., R.R.T., AND R.L.T., CHILDREN

---

**On Appeal from the County Court at Law**
**Erath County, Texas**
**Trial Court Cause No. CV09401**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother of the children, R.B.W., R.R.T., and R.L.T.[1]  The mother filed this appeal.  On appeal, she presents one issue in which she challenges the trial court's finding that the termination of her parental rights would be in the children's best interest.  We affirm the order of the trial court.

---

[1]We note that the trial court did not terminate the parental rights of the fathers.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West 2022). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (N) and (O). Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children. *See id.* § 161.001(b)(2). In her sole issue on appeal, Appellant challenges both the legal and factual sufficiency of the evidence to support the trial court's best interest finding.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not

limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence and Analysis*

The record shows that the Department of Family and Protective Services received several back-to-back intakes in 2020 based upon concerns that Appellant was using drugs while caring for her three children, who at that time were approximately six years, three years, and one year old. There were also concerns that Appellant was leaving the children with various people for lengthy amounts of time. Appellant was hostile and did not cooperate with the Department during its investigation. She refused to submit to a drug test or to discuss other safety concerns involving her home and the children. The Department had to obtain court orders because of Appellant's refusal to cooperate. However, she continued to be uncooperative, refused to submit to drug testing as requested, and refused most of the services offered, including counseling for one of the children. Appellant, at some point during this stage of the case, did test positive for illegal substances. As a result of Appellant's actions, the children were removed from Appellant's care.

After the children were removed, a permanency caseworker with Our Community–Our Kids worked with the children and the parents involved in this

case. Appellant was ordered by the trial court to comply with each requirement of her family service plan and to participate in these specific services: a psychological evaluation, counseling, parenting classes, drug and alcohol dependency assessment, and drug testing. Appellant, at first, participated in some of her services, but she resumed the use of illegal substances and, hence, the trial court suspended her visitation with the children. Appellant tested positive for amphetamine at a level of 18,770, methamphetamine at a level of 182,582, heroin at a level of 2,363, codeine at a level of 21,967, and morphine at a level over 15,000. After she tested positive and visitation was suspended, Appellant did not obtain two negative results on drug tests—as required to reinstitute visitation. At the time of trial, she had not visited or had any contact with the children in eight months.

While this proceeding was pending below, Appellant was arrested twice: once for possession of a controlled substance and once for unauthorized use of a motor vehicle. Both of those felony charges remained pending at the time of the final hearing on termination. The permanency caseworker testified that Appellant's conduct and continued drug use constituted a safety concern and a danger for the children. Furthermore, another witness testified about Appellant's lack of parenting skills and the unsafe environment in which Appellant had placed her children.

Appellant did not appear for trial, and her attorney indicated that she did not think Appellant planned to be present. The permanency caseworker testified that she had been attempting to locate Appellant but had been unable to do so. At the time of the final hearing on termination, Appellant had had no contact with the Department in over four months.

The permanency caseworker and one of the fathers testified that it would be in the children's best interest for Appellant's parental rights to be terminated. The children's attorney ad litem agreed, and she recommended that the trial court terminate Appellant's parental rights. The CASA volunteer who had been appointed

4

as the children's guardian ad litem also agreed that termination of Appellant's parental rights would be in the children's best interest. The Department's plan for R.R.T. and R.L.T. was for them to remain with their father. The Department's plan for R.B.W. was for her to remain with her father and her former stepmother.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. We are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of R.B.W., R.R.T., and R.L.T. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children (who in this case were likely too young to express their desires), the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of those involved, the plans for the children by the Department, Appellant's continued use of drugs and pattern of criminal acts while the case was pending below, Appellant's failure to visit or have any contact with her children for eight months, and the instability of Appellant's situation, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of R.B.W., R.R.T., and R.L.T. *See id.* We defer to the trial court's finding as to the children's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

May 19, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.